UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
WAYNE BROOKS,

                               **Plaintiff,**                    **COMPLAINT**

            -against-                                Civ. No.  12 cv 6197

THE CITY OF NEW YORK, POLICE OFFICER         **PLAINTIFF DEMANDS**
SHAUN O'DONNELL, JOHN DOE POLICE              **A TRIAL BY JURY**
OFFICERS 1-3,

                              **Defendants.**
----------------------------------------X

       Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incidents of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about January 2, 2011 and December 2, 2011 when police officers employed by the CITY OF NEW YORK wrongfully detained, arrested and falsely imprisoned Plaintiff WAYNE BROOKS and further maliciously prosecuted Plaintiff in Bronx County, New York.

       2.     On or about January 2, 2011 at approximately 12:45 p.m. at 800 East 180th Street, Apartment 9I, Bronx County, New York, Defendants POLICE OFFICER SHAUN O'DONNELL (hereinafter "O'DONNELL") and JOHN DOE POLICE OFFICERS #1-2, without probable cause or justification, unlawfully arrested Plaintiff.  Defendants illegally searched Plaintiff's apartment for drugs and weapons and falsely arrested him.  Plaintiff was not charged with any drug-related offenses at this time.

3. On or about December 2, 2011, eleven months after Plaintiff's first arrest involving Defendant O'DONNELL, Defendants O'DONNELL and JOHN DOE POLICE OFFICER #3 saw Plaintiff walking down the street and pulled over next to him. O'DONNELL told Plaintiff that he was arresting Plaintiff for drug possession for January 2, 2011, despite the fact that Plaintiff was arrested on that date and never charged with drug possession. Defendants O'DONNELL and JOHN DOE POLICE OFFICER #3, without probable cause or justification, then searched and arrested Plaintiff for Criminal Possession of a Controlled Substance and related charges. Defendants O'DONNELL & JOE DOE POLICE OFFICER #3 falsely accused Plaintiff of possessing a controlled substance on December 2, 2011, as well as on the date of his previous arrest on January 2, 2011.

4. As a result, Plaintiff was wrongly imprisoned for three days, causing physical and emotional distress, humiliation, and embarrassment.

5. Criminal charges were filed by Defendants against Plaintiff in Bronx County on December 4, 2011, Docket # 2011BX065075, but were ultimately dismissed.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. 1983 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

8. Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiff caused a Notice of Claim in writing, for his arrest dated December 2, 2011 and subsequent prosecution, to be served upon Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

9. Over thirty days have elapsed since the service of such Notice of Claim and THE CITY OF NEW YORK has failed to settle or adjust this matter.

10. This action was commenced within one year and ninety days after the cause of action herein accrued.

### THE PARTIES

11. At all times relevant hereto, Defendants acted in their official capacities and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et. seq.*

12. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

13. At all relevant times, Plaintiff is and was a resident of Bronx County, New York.

14. Defendants, POLICE OFFICER SHAUN O'DONNELL (Shield # 28743) and JOHN DOE POLICE OFFICERS #1-3, were and are employees acting within the scope of their employment as officers of the New York City Police Department. At the time of the incidents, Defendants were working at the 48th Precinct located at 450 Cross Bronx Expressway, Bronx, NY 10457.

**AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICERS SHAUN O'DONNELL AND JOHN DOES #1-2**

15. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. On or about January 2, 2011, Plaintiff WAYNE BROOKS was inside of apartment 9I at 800 East 180th Street, Bronx County, New York with several friends. Plaintiff's friend, Alexis Schelmetty, who had been walking in the hallway outside of the apartment, entered the apartment and closed the door. Immediately after, Defendants SHAUN O'DONNELL and JOHN DOE POLICE OFFICERS #1-2 broke down the door to apartment 9I and asked those inside where they were hiding guns and drugs. Defendants SHAUN O'DONNELL and JOHN DOE POLICE OFFICERS #1-2 then searched the apartment and arrested Plaintiff without justification or probable cause.

17. Plaintiff was brought to arraignment within a day or two after his arrest, although it was solely in connection with an outstanding warrant for failure to complete community service. He was not charged with any drug-related offenses at this time.

18. Upon information and belief, however, Alexis Schelmetty was charged with possession of a controlled substance in relation to the search of apartment 9I at 800 East 180th

Street, Bronx, New York on January 2, 2011. Upon information and belief, the prosecution dismissed charges against Schelmetty on May 24, 2011.

19. On or about January 2, 2011, Defendants O'DONNELL and JOHN DOE POLICE OFFICERS #1-2, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and maliciously prosecuted Plaintiff.

20. As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

21. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty, substantial emotional and psychological pain and was otherwise injured.

## AS AND FOR A SECOND CLAIM PURUSANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER SHAUN O'DONNELL, JOHN DOE POLICE OFFICER #3 & THE CITY OF NEW YORK

22. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. On or about December 2, 2011, eleven months after Plaintiff's arrest, Plaintiff was walking in front of 2111 Southern Boulevard. Defendants O'DONNELL and JOHN DOE POLICE OFFICER #3, who were travelling in a police car in the opposite direction as Plaintiff, made a U-turn and pulled over near Plaintiff. Defendants exited the car and walked over to

Plaintiff. Defendant O'DONNELL asked Plaintiff if he remembered O'Donnell from January and told Plaintiff that he was going to arrest Plaintiff again for that incident. Without justification or probable cause, Defendants O'DONNELL and JOHN DOE POLICE OFFICER #3 then searched and arrested Plaintiff.

24. On December 3, 2011, Plaintiff was charged with Unlawful Possession of Marijuana, which was alleged to have been committed on December 2, 2011. On December 3, 2011, Plaintiff was also charged with Criminal Possession of a Controlled Substance 3rd Degree, Criminal Possession of a Controlled Substance 5th Degree, and two counts of Criminal Possession of a Controlled Substance 7th Degree, each of which was alleged to have been committed on January 2, 2011, the date of Plaintiff's prior arrest eleven months earlier. Despite the fact that Plaintiff was arrested on January 2, 2011 and not charged with any drug-related offenses at that time, Plaintiff was again arrested in December 2011 and charged for possessing drugs on January 2, 2011.

25. Defendants O'DONNELL and JOHN DOE #3, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants handcuffed Plaintiff, brought him to the 48th Precinct, held him under arrest and caused criminal charges to be filed against him. Each charge was ultimately dismissed by the Bronx County Criminal Court.

26. As a result of the foregoing, Defendants O'DONNELL and JOHN DOE #3, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property

6

without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

27. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional and psychological pain and was otherwise injured.

## AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER SHAUN O'DONNELL, JOHN DOE POLICE OFFICER #3 & THE CITY OF NEW YORK

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. On or about December 4, 2011 Defendants O'DONNELL and JOHN DOE POLICE OFFICER #3, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such charges were dismissed and terminated in his favor.

30. As a result of the foregoing, Defendants O'DONNELL and JOHN DOE #3, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

31. As a result of the foregoing, Plaintiff WAYNE BROOKS was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

## AS AND FOR A FOURTH CLAIM FOR FALSE ARREST AGAINST POLICE OFFICER SHAUN O'DONNELL, JOHN DOE POLICE OFFICER #3 AND THE CITY OF NEW YORK

32.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33.     On or about December 2, 2011, Defendants O'DONNELL and JOHN DOE #3, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

34.     As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional and psychological pain, loss of wages, and was otherwise injured.

## AS AND FOR A FIFTH CLAIM FOR MALICIOUS PROSECUTION AGAINST POLICE OFFICER SHAUN O'DONNELL, POLICE OFFICER JOHN DOE #3 AND THE CITY OF NEW YORK

35.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36.     On or about December 4, 2011, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his favor.

37.     As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empanelling of a jury to consider the merits of the claims herein;

    d.    Cost and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
             August 8, 2012

Yours, etc.,

By:

_____
Carmen S. Giordano (CSG-3927)
Giordano Law Offices
*Attorney for Plaintiff*
226 Lenox Avenue
New York, NY 10027
(212) 406-9466